Davis, P. J.
This action was brought to recover for goods and merchandise alleged to have been sold and delivered by the plaintiff to the defendant.
It is easy to see from the evidence that the learned referee might have found that the goods were not. sold and delivered to the defendant, and if he had so found his conclusions would not have been disturbed. One Baxter opened the account with plaintiff in the name of the defendant. He represented that he had authority so to do, but in fact he had no such authority. He occupied a double relation to the defendant—he was one of its directors. He was also' a contractor with defendant to construct at a stipulated price an electric plant for lighting certain streets of Jersey ; City. Neither of these relations gave him authority to contract debts or purchase goods in the name of the defendant. As director he had no agency for such purpose. As contractor he was bound to furnish at his own expense all the articles used in constructing the jilant. The articles he bought in the name of the defendant were all used in such construction. If the case stood on these facts alone .there would be no ground upon which the judgment could stand. But there are some other elements in the case which the referee was bound, or had the right to consider. The account was not only opened in defendant’s name on Baxter’s misrepresentation, but the goods were ordered to be sent to the defendant at 218 Bay street, Jersey City. *517 The plaintiff on receiving the first order sent over to Jersey-City to make inquiries about the defendant and its response bility. Its messenger found at 218 Bay street an office apparently occupied by the defendant company, and across the front of the building a sign in large letters bearing the name of that company. He learned that this was the place of business of the company and that it was about constructing the plant above mentioned for lighting a portion of Jersey City, and he found Baxter at said office apparently acting as the agent for the company. The plaintiff was not informed of the contract of Baxter with defendant, and had no reason to suppose that Baxter was not what he represented himself to be and appeared to be. The plaintiff then opened the account and received orders from Baxter in defendant’s name from day to day for several months. Each of these orders was filled and the items were charged to defendant’s account. The goods were billed to defendant, and on each sale the bills were mailed to defendant at its place of business (218 Bay street) in Jersey City, and the goods were sent to and delivered by carriers at that place. This continued to be the course of business through several months, and at the close of each month monthly statements were rendered showing the whole amount of purchases during the preceding month. Payments were made apparently in the name of the defendant. The goods sold were used in the construction of the defendant’s plant. In January, 1883, one R. J. House called upon plaintiff and said he was now the manager of defendant, and that he-‘'would in the future attend to the ordering of goods and carrying on the business.” Ho new account was opened. The old account was continued, and the accounts were rendered as they previously had been, and no change in the mode of dealing was made. House was concededly the agent of the defendant. After he took charge of the ordering of the goods payments were made which were credited generally on the account, and were not directed to be applied specifically to the goods purchased on House’s orders.
These several circumstances, with some of the disputed evidence touching alleged conversations with the officers of the defendant, were relied upon as ratifying the assumed agency of Baxter to order the goods in the name of the defendant The referee held there was an implied agency in Baxter which, under the circumstances, the defendant was estopped from disputing. We are not prepared to say that this finding is not correct. Baxter was deceased, and his version of the facts is not in the case; but, considering the length of time the accident was running, the numerous items ordered and delivered from day to day, the plan and *518 manner of their delivery by carriers in Jersey City, the daily and monthly presentation of bills all charging the goods to the defendant, the payments made, the monthly statements, the continuation of the account by House, an acknowledged agent, by whom the plaintiff was informed that he was the successor of Baxter, the payments made by him which were applied without apparent objection to the running account, the failure of the defendant to give any notice of the real relations between it and Baxter, it seems almost inconceivable that the defendant did not know that plaintiff was dealing in the belief that Baxter was the agent authorized to open the account and make the purchases in its name. The finding of the referee on this question cannot be disturbed, and the judgment must, therefore, be affirmed.
Daniels and Brady, JJ., concur.